## No. 9272.

BIJOU. IRRIGATION DISTRICT *v.* WELDON VALLEY DITCH COMPANY, ET AL.

1. WATER RIGHTS—*Abandonment.* A complaint alleging non-user, and failure to divert water, from the date of a decree awarding priority, until the institution of the suit, many years later, shows a cause of action for abandonment.

A suit to declare the loss of the right to the use of water, on the ground of its abandonment, need not in every case be brought in the court in which the adjudication decree was entered.

2. *Limitation.* The four years statute limitation is no plea to such an action.

3. JUDGMENT—*Conclusive Effect.* A question litigated in one action may not be again litigated,' by the same parties, in another action. Where there is a second action between the same parties, but upon a different demand, the former judgment is an estoppel, only as to those matters in issue, upon which such judgment is rendered. The identity may be shown by extrinsic evidence where not apparent in the record.

If the matter · in question in the second action is controverted by the pleadings in the former it will be conclusively presumed to have been litigated.

*Error to Weld District Court, Hon. Robert G. Strong, Judge.*

*En banc.*

Mr. JAMES W. MCCREERY, Mr. DONALD C. MCCREERY, Mr. ROBERT M. WORK, for plaintiff in error.

Messrs. GOUDY, TWITCHEL & BURKHARDT, Mr. H. R. KAUS, Mr. JOSEPH C. EWING, for defendants · in error.

Opinion by Mr. Justice Teller: ·

THE defendants in error were plaintiffs below in an action, in the District Court of Weld County, against plaintiff in error, and others, to secure a decree of abandonment of a part of a water right in water district No. 2.

The right in question was given to one Plumb, one of the defendants below, in 1883, in an original adjudication proceeding in the District Court of Arapahoe County, now the District Court of the City and County of Denver.

In 1909 a decree was entered in said court allowing a change in the point of diversion of 40 cubic feet of said priority, which had theretofore been purchased by the plaintiff in error.

Upon a trial to the court it was adjudged that Plumb had abandoned all but 25 feet of the priority of 64.4 cubic feet per second of time originally decreed to the Highland Ditch owned by him.

The complaint in this case alleges that said ditch was constructed for the irrigation of about five hundred acres of land, that it had a carrying capacity of not more than twelve cubic feet per second; and that it had never been enlarged.

Plaintiff in error contends that these allegations make the action one to modify the decree of 1883, and, hence, the District Court of Weld County is without jurisdiction of the cause.

If these were the only allegations bearing upon the question of use, the complaint would be subject to a general demurrer under our ruling in *O'Brien v. King,* 41 Colo. 487, where we held that abandonment could not be established by evidence only of non-user prior to the adjudication decree. But in subsequent paragraphs of the complaint there are allegations of non-user and failure to divert more than twelve cubic feet of water per second from the date of the decree to the beginning of the suit, thus stating a cause of action for abandonment.

Counsel say that an abandonment decree is a new warrant to the water officials, with the result that they must look to two decrees, instead of the adjudication decree alone, for their instructions as to the distribution of water. From this fact the conclusion is drawn that the suit must be brought in the court where the priorities were adjudicated.

It does not appear that this court has directly ruled upon that question, none of the cases cited on this point requiring its determination.

We have, therefore, to consider the correctness of the conclusion thus urged upon us.

The case of *Weiland v. Catlin Co.*, 61 Colo. 125 upon which counsel rely, presented an entirely different state of facts, as there an attempt was made by decree of the District Court of Otero County to compel a distribution of water according to that court's construction of an adjudication decree entered in Bent County.

So far as the effect upon the original adjudication decree is concerned, there is no similarity between an abandonment suit and a suit to compel water officials to change their method of distributing water. The latter, necessarily based upon a charge that said method is not correct, assumes either that the original decree is wrong or that the officials are not properly interpreting it. This calls for a revision of the decree, or a construction of its provisions.

An abandonment suit, on the contrary, assumes the ownership of the priority, with no question as to the decree evidencing it, and is predicated on matters subsequent to the decree.

The fact that a judgment that a part, or the whole, of a priority had been abandoned makes it necessary for water officials to act under a new decree, as well as under the original decree, does not militate against the right of the District Court of the county in which the ditch in question is situated to determine the issue of abandonment, though it was not the court which entered the adjudication decree.

If the banks of a ditch in such county were so broken as to allow its water to flow over lands below it, and the water officials continued, in spite of protests, to turn into such ditch the quantity given it by the decree, no one would deny that an injured property owner might sue in the county where the injury was occuring to compel the officials to respect his rights.

An injunction thus obtained would, to a certain extent, conflict with the original decree directing the water to be turned into said ditch, but that would be no valid objection to it. Moreover, the water commissioner obtains his directions for the distribution of water not directly from the decree but from a certificate issued by the clerk of the court specifying the amount of water allowed to each ditch. (Sec. 3284 and 3285, R. S. 1908.) Said commissioner is required to keep a book in which he enters a brief statement of the contents of such certificate.

Decrees changing the point of diversion are filed in the office of the State Engineer whose duty it then becomes to notify subordinate water officials of such change (Sec. 3229, R. S. 1908), and water commissioners must, of course, amend the statements in their books accordingly.

It is not apparent why there should be any more difficulty in correcting such statements in the one case than in the other.

In *Parsons v. Fort Morgan Co.*, 56 Colo. 146, 136 Pac. 1024, this court affirmed a judgment in an abandonment suit in Morgan County, though the adjudication decree had been entered in Weld County. No question of the jurisdiction of the District Court of Morgan County was raised, nor does it appear to have been raised in any other case in this court.

We are of the opinion, therefore, that an abandonment suit need not be brought in every case in the court which entered the adjudication decree.

The defense pleaded the judgment in the general adjudication proceedings in 1883 as *res adjudicata* of this action.

For the reasons already stated the plea is not good; nor is the plea of the four year statute of limitations.

It is next urged that the issues raised in this cause were litigated in the suit to change the point of diversion of the 40 cubic feet of water, and that the findings in that cause being against these plaintiffs, they cannot again try the said issues.

Error is alleged in the sustaining of a demurrer to this special defense.

This defense alleges that all of the plaintiffs in this action were parties to the suit to change the point of diversion, and that two of these plaintiffs filed an answer in that proceeding. A copy of such answer is set out in full. This defense also alleges that said answer sets forth the same facts to show injury from changing the point of diversion as are set forth in the complaint in this cause to show abandonment, stating them in some detail; that the evidence taken was on the same matters in both cases; and that the said matters and issues were examined and adjudicated in the said suit in the District Court of the City and county of Denver, wherein a decree was entered in 1909 against the contention made in the answer in the suit to change the point of diversion.

The said answer in that suit denied: "that said pretended decree still remains, or has ever been in full or any force or effect, in so far as these respondents' rights are concerned or at 'all; deny that said priority so alleged to have been decreed to said Highland Ditch by said pretended decree of said Water District No. 2 to the amount of 64.4 cubic feet of water per second of time, or any thereof, in excess of 8 cubic feet of water per second of time has at all times, or at any time, been necessary or could have been beneficially used for the irrigating of lands lying 'under said Highland Ditch; deny that that amount of water, or any amount of water in excess of 8 cubic feet per second of time, has ever been used for the purposes of irrigating lands under said ditch, or for any other beneficial purposes thereunder, at any time, either before or since the rendition of said pretended decree."

It is also alleged in said answer that the pretended priority to the Highland Ditch was excessive, and fraudulently obtained for speculative purposes only; that the ditch never had a capacity to exceed 12 cubic feet of water per second of time; and that only 8 cubic feet of water per second of time have ever been used through it; that

all in excess of 8 cubic feet has long since been abandoned and all right thereto has reverted to the public; that to allow this said 40 cubic feet to be diverted into the Bijou Canal would take from the respondents water which they had theretofore enjoyed, and invade and interfere with their vested rights. The answer sets out in great detail the conditions of water in the Platte River, from which the respondents aver the change of the point of diversion would injuriously affect them.

The answer in this suit sets out, also, a copy of the findings and decree in the diversion suit, which findings include the following: "that the said decree of the Highland ditch for 64.4 cubic feet of water per second of time remains in full force and effect; that the said forty cubic feet per second of time of said appropriation may be lawfully transferred for diversion and use from the said Highland ditch and the headgate thereof to the said Bijou ditch and the lands lying thereunder.

"And the Court doth further find, from the evidence herein that the vested rights of said respondents and their several ditches and of other approriators of water from the South Platte River will not be injuriously affected by reason of the said change of the point of diversion and the change of the place of use of the said forty cubic feet of water per second of time of said appropriation heretofore allowed to the said The Highland Ditch as aforesaid."

The decree provided that the said amount and volume of "40 cubic feet of water per second of time of the 64.4 cubic feet per second, allowed as priority Number 21 and heretofore diverted and used by means of the Highland ditch as above set forth and all the right, title, use and enjoyment thereof, has been duly acquired by and vested in said petitioner"; and that the rights of appropriators of water from said river would not be injuriously affected by said change.

It is well settled that questions litigated in one action may not be again litigated by the same parties in another action, and whether or not they were litigated in the first

action may be shown by extrinsic evidence, under proper allegations in the plea, if such fact does not appear from the record. There is a recognized difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment is a bar, not only as to matters offered and received to sustain or defeat the claim or demand, but as to other admissible matters which might have been offered for that purpose. Where there is a second action between the same parties, but upon a different demand, the estoppel operates only as to those matters in issue or points controverted upon the determination of which a finding or verdict was rendered. *Cromwell v. County of Sac,* 94 U. S. 351, 24 L. Ed. 195; and *clark v. Knox,* 32 Colo. 342, 76 Pac. 372.

The question here is whether or not in the diversion suit the same facts, relied upon here to show abandonment, were controverted, and examined and passed upon by the court. In 23 Cyc., p. 1306, it is said:

"Matters which follow by necessary and inevitable inference from the judgment, findings or determinations of the court in relation to the subject-matter of the suit which are necessarily implied from its final decision, as being determinations which it must have made in order to justify the judgment as rendered, are equally covered by the estoppel as if they were specifically found in so many words; or, in other words, it is allowable to reason back from the judgment to the basis on which it stands, and, regarding the judgment as a conclusion, and finding it to be one which could have been drawn only from certain premises, the premises are equally *res judicata* with the conclusion itself."

There is a conflict of authority on the question whether such an estoppel includes any issue not directly and technically presented on the face of the pleadings, but it is concededly the rule that if the matter in question is con-

troverted by the pleadings it will be conclusively presumed to have been litigated.

The pleadings in this case present squarely the issue raised by the pleadings in the earlier case.  The respondents in that case relied upon their having used continuously for years water which had been decreed to the Highland Ditch but not used through it.  They plead that fact in opposition to the petition for a change of point of diversion.

Under the rule above stated we may reason back from the judgment, having regard to the pleadings, and, doing so, we must conclude that, when the court found that the change of point of diversion did not injuriously affect the rights of the respondents, it must have found against their contention that they had been using water abandoned by the Highland Ditch.  This was a finding upon the very allegations now made and relied upon by plaintiffs in this cause to show abandonment.

Their only ground for claiming injury from the change was that this forty feet of water had not been diverted into  the Highland Ditch at any time during more than twenty years; that during all of that period it had been used by them, and consequently, to allow its point of diversion to be changed to a ditch below their head-gates would deprive them of it.

That was a perfectly good ground for resisting the change.  If respondents could prove the allegations of nonuse by the petitioner's vendor, and the use by the respondents, their claim of injury from the proposed change was made out.

They had in such case made full proof of abandonment, together with proof of other matters which were not necessary to be proved in an action for abandonment; but they could not obtain a judgment of abandonment because of our ruling in *Wadsworth Ditch Co. v. Brown,* 39 Colo. 57, 88 Pac. 106.

We have several times pointed out that abandonment involves non-use with an intention not to resume the use

of a priority. Non-use is one of the essential elements of such an action, and in the action for changing the point of diversion it was likewise an essential element of the case. Having had an opportunity to establish the truth of their allegations in the one case, parties cannot properly claim the right to relitigate the same question in another case, where the parties are the same.

Even were this not so, since the third defense in this cause—the one above discussed—alleged that the same matters had been litigated in both cases, under the rule above stated—that extrinsic evidence might be heard to establish the identity of the issues tried—the plaintiff in error, defendant below, was entitled to a hearing upon that question. If it could be shown by any competent evidence that the issues were identical, the defense was good. The denial of that right, by sustaining the demurrer, was error for which the judgment must be reversed in any event.

The judgment is accordingly reversed, with directions to dismiss the cause.

Mr. Justice Allen not participating.
Mr. Justice Bailey dissents.

Decided June 2nd, A. D. 1919. Rehearing denied October 6, A. D. 1919.