No. 9858.

CROKE v. FARMERS HIGHLINE CANAL & RESERVOIR CO.,
ET AL.

Decided March 6, 1922. No change in opinion on rehearing, July 3, 1922.

Action to quiet title to water right. Judgment for defendants.

*Reversed.*

1. WATER RIGHTS—*Quieting Title—Mandamus.* A perpetual water right may not be secured, nor title thereto quieted in an action in mandamus.

2. RES ADJUDICATA—*Different Character of Action.* A question having been once litigated and determined may not again be contested in a future action between the same parties merely because the action is of a different character.

   If the matter in question is controverted by the pleadings, it will be conclusively presumed to have been litigated.

3. CORPORATIONS—*Share-Holders—Judgments.* There is a privity between a corporation and its share-holders, and a decree against the former is conclusive upon the latter in respect to their rights as such.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. MILTON SMITH, Mr. CHARLES R. BROCK, Mr. W. H. FURGUSON, Mr. R. F. ARMSTRONG, for plaintiff in error.

Messrs. BARTELS & BLOOD, Mr. EDWARD D. UPHAM, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error was plaintiff, defendant in error, The

Farmers High Line Canal and Reservoir Company, was defendant, and the other defendants in error were interveners in the trial court, and they are hereinafter so referred to.

Plaintiff owned a water right of seventy-five statutory inches in a certain irrigation canal which was purchased by defendant upon its organization. This water, and the land to which it was appurtenant, he conveyed by three successive deeds of trust. The last of these was foreclosed, the property passed through numerous hands and finally returned to him, and he thereafter discharged the unpaid balance on the other securities. Meanwhile, under a reorganization scheme, seven and one-half shares of stock were issued by the defendant in lieu of said water right of seventy-five inches. This stock never came into the hands of plaintiff, but from the date of its issue was represented by stock certificates which became merged and inter-mixed with other certificates and shares of stock whose owners had no personal knowledge of the claims of plaintiff.

In 1907 plaintiff brought mandamus against defendant to compel the delivery to him of the water represented by his water right. In that suit he prevailed. In 1908, the company having again refused to deliver the water, a similar suit was brought in which plaintiff again prevailed. Thereafter the disputed water was delivered to plaintiff each year until the present action was begun in July, 1912. Plaintiff alleges in this complaint that he is the owner in fee simple of the water right and asks that title thereto be quieted in him. Defendant filed its answer and cross-complaint August 29, 1918. February 25, 1919, interveners (stockholders in defendant company) filed their petition. June 12, 1919, plaintiff filed his amended replication and answer to the cross-complaint and to the petition in intervention, in which he set out the mandamus suits and pleaded *res adjudicata*. June 23, interveners and defendant demurred to this replication and answer, which demurrers were sustained. Other pleadings were filed and rulings made thereon by the court not now necessary to

notice. Ancient as this action would seem to appear we might note in passing that it was not brought to issue in this court until the first of December 1921, and that it was orally argued here January 11, 1922.

The defense set up in both mandamus suits was that the heirs of Church (grantee of the purchaser at the foreclosure sale above mentioned) had by contract conveyed the water to the defendant in consideration of the issuance of the seven and one-half shares of stock. The same contention is made here by all of the defendants in error and the question of *res adjudicata,* raised by the demurrers to the amended replication and answer, and decided adversely to plaintiff by the trial court's ruling thereon, is now before us and must first be determined.

BURKE, J., after stating the facts as above.

It is not denied that the defense here relied upon was set up in the mandamus suits but it is now contended that, being equitable in its nature, it could not have been determined therein, and *Bright v. Farmers' H. C. & R. Co. et al.,* 3 Colo. App. 170, 32 Pac. 433, and *Townsend v. Fulton Irr. Ditch Co.,* 17 Colo. 142, 29 Pac. 453, are relied upon to support this contention.

It is certainly true that a perpetual water right may not be secured, or title thereto quieted, in an action in mandamus. In such actions as those of 1907 and 1908, *supra,* the right to delivery depends upon tender of the annual charge, but the question having been once litigated and determined may not again be contested in a future action by the same parties merely because the action is of a different character. The mere fact that temporary relief only could be granted in a given cause would not prevent the settlement therein, for all purposes between the same parties, of a given issue there determined. In all future actions between the same parties involving that issue the prior judgment would thus far be a perfect defense as *res adjudicata.*

We pass by the fact that the opinion in the Bright case, *supra,* makes no reference to section 59 chapter 4, Civil

Code (Sec. 65 Civil Code R. S. 1908) and that the defense interposed in that case was one which under no circumstances could be entertained except by converting the mandamus action into one to quiet title; and the further fact that defendants' contention that the defense in the mandamus suits was equitable, not legal, seems unsupported, and go to the only question apparently necessary to a decision of this case.

Questions once litigated and determined may not be raised by the same parties in a subsequent action.

"If the matter in question is controverted by the pleadings it will be conclusively presumed to have been litigated." *Bijou Irr. Dist. v. Weldon Valley Ditch Co. et al.,* 67 Colo. 336, 341, 184 Pac. 382.

If the defense set up in the mandamus cases could not be considered it should not have been pleaded. Having been pleaded and not stricken we must presume it was considered and determined. This being true defendant's relief in the mandamus suits was by appeal or error. Having failed to obtain such relief the judgments stand and the question is foreclosed.

If defendant can not re-litigate the question here neither can the interveners. There is a privity between a corporation and its share holders, and a decree against the former is conclusive upon the latter in respect to their rights as such. 2 Black on Judgments sec. 583. *Andrews v. Natl. F. & P. Works,* 76 Fed. 166, 172, 22 C. C. A. 110, 36 L. R. A. 139.

The judgment is accordingly reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

MR. JUSTICE TELLER sitting as Chief Justice.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BAILEY not participating.