## No. 11,454.

## POMPONIO *v.* LARSEN.

Decided December 6, 1926. Rehearing denied December 27, 1926.

Action to enjoin the operation of drains. Judgment of dismissal.

### *Affirmed.*

1. RES JUDICATA—*Pleading.* To constitute a valid plea of res judicata there must be identity of subject matter, of the cause of action, of the persons and parties, and in the quality of the persons for or against whom the claim is made.

2. ACTIONS—*Forms.* Formal distinctions between actions at law and suits in equity are abolished in Colorado.

3. PLEADING—*Essentials.* All the pleader needs to do is to state the facts constituting his cause of action or defense, where they relate to the same subject matter, and the court will grant relief regardless of the prayer.

4. JUDGMENT—*Conclusive—Res Judicata.* The judgment of any court of competent jurisdiction, so long as it remains unreversed, is conclusive upon the parties and their privies when the judgment is rendered upon its merits and without fraud or collusion. Such a judgment is an absolute bar to the prosecution of a second action on the same claim or demand, not only as to matters actually in controversy, but as to every matter that might have been litigated and determined therein incident to and necessarily connected with the subject matter of the litigation.

5.   RES JUDICATA—*Test.* The test as to whether a former judgment is a bar in subsequent proceedings between the same parties, is whether the same evidence would sustain both, and if it would the two actions are the same, and this is true although they are different in form.

6.   *Law and Equity.* Except, perhaps, where matters exclusively within the jurisdiction of equity are involved, a judgment at law is generally conclusive in subsequent actions in equity between the same parties as to the same matters.

7.   *Law and Equity.* Judgment in an action for damages to land occasioned by seepage, held a bar to an action between the same parties for an injunction based on the same subject matter.

8.   PLEADING—*Res Judicata.* Where a defendant pleads a former judgment in bar, the plaintiff must admit or deny the judgment or deny that it was for the same cause of action.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Messrs. GABRIEL, MILLS & MILLS, for plaintiff in error.

Mr. HARRY S. CLASS, for defendant in error.

*Department Two.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE plaintiff, Pomponio, brought this suit against defendant, Larsen, to enjoin defendant from operating two tile drains which plaintiff alleged collected the water on the land of defendant and emptied the same upon the land of plaintiff.

The defendant set up a number of defenses, among others that the matter was res judicata, and, in connection therewith alleged in his answer that previously the plaintiff had brought an action against defendant for damages alleged to have been sustained to plaintiff's land, because of surface water from a reservoir maintained by defendant, and because of seepage water which defendant had caused to be collected by means of a tile

drain and discharged upon the surface of plaintiff's land; that in the action for damages the court found, inter alia, that defendant had constructed certain drains as early as 1916, which accumulated water from seepage and waste upon his own land; had drained that water upon the public road, thence through a culvert and down onto the land of the plaintiff as early as the year mentioned; alleged that the cause was tried upon the merits, evidence heard, findings made and judgment rendered in favor of defendant, and that said judgment had become final; and further alleged that by reason of the foregoing all of the issues tendered by the complaint in the present action had been definitely and finally settled, determined and adjudicated in the former action.

Plaintiff replied, admitting that there had been a controversy between plaintiff and defendant as alleged in defendant's answer, but denied that all matters in controversy in this case, and upon which issues have been joined, had been settled, determined or adjudicated in any former proceeding between the parties, and alleged that the former action was one for damages and not for equitable relief. A motion by defendant for judgment on the pleadings was sustained, and the action dismissed. Plaintiff brings the case here.

Plaintiff's position is that the former action being for the recovery of damages, and the present suit being one for injunctive relief only, the questions involved are different, and the one cannot be set up as a bar to the other; also that in the instant case the allegation is that defendant caused to be erected and maintained two drains which collected both surface and seepage water which was discharged upon plaintiff's land, while in the former action the allegation was that defendant had caused seepage water to be collected by means of a tile drain.

To constitute a valid plea of res judicata there must be identity of the subject matter, of the cause of action, of the persons and parties, and in the quality of the persons for or against whom the claim is made.

The general principles of law applicable to the plea of res judicata are so firmly established in our system of jurisprudence as to scarcely need the citation of authorities.

Formal distinctions between actions at law and suits in equity are abolished and only one form of civil action now exists; all the pleader needs to do is to state the facts, and all the facts, constituting his cause of action or defense, where they relate to the same subject matter, and the court will grant relief regardless of the prayer.

It is fundamental, and well understood, that the judgment of any court of competent jurisdiction, so long as it remains unreversed, is conclusive upon the parties and their privies when the judgment is rendered upon the merits, and without fraud or collusion, upon a matter within the jurisdiction of the court rendering the judgment. Such a judgment is an absolute bar to the prosecution of a second action on the same claim or demand, not only as to matters actually in controversy in the first action, but as to every matter which might have been litigated and determined therein incident to and necessarily connected with the subject matter of the litigation. *Smith v. Cowell*, 41 Colo. 178, 92 Pac. 20.

The best and most accurate test as to whether a former judgment is a bar in subsequent proceedings between the same parties, according to the authorities, is whether the same evidence would sustain both, and if it would, the two actions are the same, and this is true although the two actions are different in form. *Agnew v. McElroy* (Miss.), 10 Smed. & M. 552, 48 Am. Dec. 772; *Steinbach v. Relief Fire Insurance Co.*, 77 N. Y. 498, 33 Am. Rep. 655.

Except, perhaps, where matters exclusively within the jurisdiction of equity are involved, a judgment at law is generally conclusive in subsequent actions in equity between the same parties as to the same matters. 15 R. C. L. p. 995, Sec. 470; *Smith v. Cowell, supra; Agnew v.*

*McElroy, supra; Baxter v. Myers,* 85 Ia. 328, 52 N. W. 234, 30 Am. St. Rep. 298.

The case last cited was a proceeding in equity. The defendant set up a former judgment, rendered in a replevin action between the same parties, as a bar.

The court said: "It is true, the action against the sheriff was an action of replevin, and the equitable powers of the court were not invoked. But the jurisdiction of the court in which the action was determined was ample to have granted any equitable relief in regard to both real and personal property to which the sheriff or his principals could have shown themselves entitled."

In *Smith v. Cowell, supra,* this court said: "And so it has been held that a judgment on the merits in an action at law is conclusive upon the parties, as to all issues tried and decided, in any future suit in equity, except as to matters, if any, within the exclusive jurisdiction of equity, and hence not cognizable at law."

Applying the foregoing principles to the case here, the conclusion is inescapable that defendant's plea of res judicata is good and the judgment of the trial court right. In the former action damages were sought for injury to plaintiff's land caused by percolation and seepage of water from defendant's reservoir, and also from seepage water collected by means of a tile drain, on defendant's land, and discharged upon the land of plaintiff. The present action is to restrain defendant from using or maintaining the two drains upon defendant's land, which it is alleged collected and gathered surface and seepage water flowing from defendant's land and discharged the same upon the surface of the land of the plaintiff. The parties are the same and the same evidence would sustain both actions. The relief prayed for in this proceeding could have been granted in the former action. The matters involved were not within the exclusive jurisdiction of equity.

But plaintiff urges that defendant's motion for judgment on the pleadings was not proper in any event, and that the court erred in sustaining it.

In the circumstances of this case the motion was, we think, properly sustained. Where the defendant pleads a former judgment in bar the plaintiff must admit or deny the judgment or deny that it was for the same cause of action. *Agnew v. McElroy, supra.*

Here the replication does not deny that the cause of action was substantially the same, nor could it so deny under the facts disclosed by the record. It merely denies that all matters in controversy here were adjudicated and determined in any former proceeding.

Other matters discussed in the briefs of counsel need not be considered.

Judgment affirmed.

MR. JUSTICE WHITFORD and MR. JUSTICE DENISON concur.