## No. 12,217.

LONDON *v.* ALLISON.

(284 Pac. 776)

Decided January 27, 1930. Rehearing denied February 17, 1930.

Mr. J. H. RICHARD, for plaintiff in error.

Mr. PHILIP HORNBEIN, Mr. THEODORE EPSTEIN, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

LONDON, plaintiff in error and plaintiff below, seeks to review a judgment of dismissal based upon a plea of res judicata.

The complaint is in three counts and charges that

plaintiff was employed by defendant, and in January, 1920, a partnership was formed between them whereby plaintiff was to receive each year, in addition to his salary, one-fifth of the yearly net profits of the business; that he worked under such an arrangement from January, 1920, until April 28, 1924; that the net profits of said business during this time were $85,000, of which plaintiff claims one-fifth. By the second cause of action, the plaintiff seeks to hold the defendant as trustee for the amount alleged to be due under the agreement pleaded in the first cause of action. The third cause of action incorporates by reference the allegations of the first cause of action, and alleges that plaintiff is entitled to the sum of $17,000, being the reasonable value of his services.

Defendant's answer interposed a general denial and a special plea of res judicata, wherein it is alleged that London theretofore had sued Allison in the district court for an accounting for the identical services for which recovery was sought in the instant case; that the complaint in the former suit alleged that plaintiff was entitled to certain bonuses in addition to his regular salary for the year 1919 and was also entitled to 20 per cent of the net profits of defendant's business from January, 1920, to April 28, 1924; that in said cause the defendant filed his answer denying the plaintiff's complaint; that the case was tried as in equity before the court and a jury sitting in an advisory capacity; that the court submitted to the jury two interrogatories as follows:

"1. Do you find from a preponderance of the evidence that the defendant agreed to pay to the plaintiff, in addition to his regular salary, a bonus of six hundred dollars ($600) for the year 1919? Answer 'yes' or 'no.'

"2. Do you find from a preponderance of the evidence that the defendant agreed to pay the plaintiff, in addition to his regular salary, twenty per cent (20%) of the net annual profits of the business for the year 1920 and subsequent years as long as the plaintiff remained in the defendant's employ? Answer 'yes' or 'no.' "

It was therein further alleged that the jury answered the first interrogatory in the affirmative and the second in the negative. These answers were adopted by the court, and judgment was entered for plaintiff for $600 which was paid.

The instant case came on for trial on this plea of res judicata and the files and records of the former case were produced in evidence and disclosed the facts to be substantially as charged in said plea. Thereupon the court entered judgment sustaining defendant's plea of res judicata and dismissing plaintiff's action.

London contends that defendant's plea of res judicata was insufficient because the former action for an accounting is different from that in the instant action, which is based upon a partnership agreement, a trusteeship and quantum meruit. The sufficiency of a plea of res judicata is determined by the facts involved therein and not by the appellation of plaintiff applied thereto. By whatever names the former and present action are designated, it is clearly apparent that the present action is based upon an express agreement whereby the plaintiff was to receive from defendant beginning January, 1920, and continuing as long as he worked for him, 20 per cent of the net profits of defendant's business. The former suit sought to and did adjudicate defendant's rights under the identical agreement plead in the instant case. In both suits plaintiff's alleged cause of action was based upon the same agreement. The same evidence would sustain both. In the former, a final judgment on the merits was rendered for the plaintiff for $600, covering salary for the year 1919, a count not included in the latter case, after the court had adopted as its own the findings of the advisory jury as above set forth.

This is a typical case of res judicata. *Smith v. Cowell*, 41 Colo. 178, 92 Pac. 20; *Bijou Irrigation Dist. v. Ditch Co.*, 67 Colo. 336, 184 Pac. 382; *Albertson v. Clark*, 70 Colo. 129, 197 Pac. 757; *Croke v. Farmers Co.*, 71 Colo.

514, 208 Pac. 466 and *Pomponio v. Larsen,* 80 Colo. 318, 251 Pac. 534.

■ It is further claimed by plaintiff that, in the former suit, the cause of action concerning the salary for 1919 was finally adjudicated, but no determination was made of the claim for the succeeding years, recovery of which is sought by the instant case.

We do not believe that the former judgment is subject to the construction contended for by the plaintiff. Its effect must be ascertained in the light of the record. A recovery on two counts was sought, the first covering 1919, the second covering succeeding years. Evidence was introduced and findings made on both. Final judgment was rendered for the amount due on the first. The irresistible conclusion is that, when the court entered judgment for $600, it thereby determined, not only that the plaintiff was entitled to that amount for services rendered during the year 1919, but also that he was not entitled to recover on the alleged contract covering the succeeding years.

■ The record discloses that this suit was vexatiously instituted and prosecuted. The judgment is affirmed and cause remanded with directions to the district court to determine, if requested within 10 days, the actual amount of defendant's attorneys' fees paid out or incurred in this suit, and to tax same as costs herein. Supreme Court rule 51.

Mr. Justice Campbell not participating.