No. 15,401.

COLETTE *v.* TIDWELL.
(146 P. [2d] 891)

Decided February 14, 1944. Rehearing denied March 13, 1944.

Mr. RAYMOND M. SANDHOUSE, for plaintiff in error.

Mr. T. E. MUNSON, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court, and are hereinafter referred to as there, or as Tidwell and Mrs. Colette, respectively. They are father and daughter.

For several reasons, including the convenience of the court, this cause is disposed of out of order. It was presented here on printed briefs, without request for a stay of execution, and came at issue November 29, 1943. Then, on January 26, 1944, an application for supersedeas was filed and has been fully briefed. Should no further order be entered here, execution will issue February 23 next. Disposition of the cause on its merits obviates consideration of the application for supersedeas, and is at least equally convenient and expeditious. Hence we proceed accordingly.

Tidwell, claiming a life estate in an eighty-acre tract, alleged that Mrs. Colette had rented from him, held over, refused to pay, and denied his title. He demanded possession and past due rent. Defendant alleged title in herself and right of possession by virtue of her father's deed and contract. The cause was tried to the court, which found for Tidwell, and entered judgment accordingly. To review that judgment defendant prosecutes this writ. The four assignments are fully answered, if we find, as we do, that the judgment is supported by the evidence.

December 22, 1933, Tidwell executed to Mrs. Colette a warranty deed to the tract and deposited it in escrow with the Security State Bank, with instructions to deliver it only on his death. We hereinafter refer to this deed as Exhibit 1. On October 10, 1934, Tidwell, in writing, leased the tract to Mrs. Colette and her husband for a term of five years. That contract also provided for a partnership between them in the farming and livestock business. It is hereinafter referred to as Exhibit A. September 9, 1935, Exhibit A was abrogated by mutual consent, through the execution of a new contract, hereinafter referred to as Exhibit B, whereby

Tidwell sold to his daughter and her husband all his personal property on the premises and leased them the tract for the year 1935. It contained a provision for crop rent, after which appears this clause: "It is mutually understood that first party [Tidwell] shall instruct the Security State Bank, as escrow-holder, to deliver the deed of conveyance now held by it, conveying said above described property to second parties, said instructions to be given when settlement is made for the present year's crops."

January 22, 1941, Tidwell brought suit against the bank and Mrs. Colette demanding cancellation of the escrow and return to him of Exhibit 1. He was non-suited therein, the court specifically holding that he was the owner of a life estate in the disputed tract and Mrs. Colette a present interest. That judgment is final, no objection to it was made and no review sought. Thus matters stood at the time of the trial of the instant case.

It is undisputed that full settlement was made for the 1935 crops and no rent thereafter paid.

1. Mrs. Colette went into possession as Tidwell's tenant; their respective estates then being exactly as they were later adjudicated in Tidwell's suit to recover Exhibit 1. Hence this appears a proper case for the application of the rule that a tenant is estopped to deny his landlord's title, and must restore the possession he obtained thereunder before he can set up an after-acquired interest. *Hurt v. Schneider*, 61 Colo. 104, 156 Pac. 600.

2. If Mrs. Colette has a defense herein it must be under the doubtful clause in Exhibit B, above quoted. Passing the general rule that the life estate could only be divested by an instrument of the same formality and solemnity as that which created it, we find Mrs. Colette defending her father's suit to recover Exhibit 1 solely on the basis of her title thereunder, when she was bound in good faith to plead her fee, if she claimed it. Instead, she offered no evidence, moved for nonsuit, and ac-

cepted without protest the court's finding and decree to the effect that Tidwell was then the owner of a life estate. If so, he still is. Mrs. Colette is bound by all she litigated, and all she could and should have litigated, in that action. *Fort v. Bietsch,* 85 Colo. 176, 274 Pac. 812.

3. Moreover, the trial court expressly found that Tidwell, who was eighty-four years old at the time of the trial, did not intend to contract by Exhibit B to deliver Exhibit 1, did not know the quoted clause was contained therein, and that Mrs. Colette did not so construe it, because, inter alia, she admitted on the stand that from its date to the time of the trial of this cause, some seven years, she had never demanded the delivery of Exhibit 1.

The judgment is affirmed.