## No. 16,157.

SLONIGER ET AL. *v.* RAINS ET AL.
208 P. [2d] 941)

Decided July 15, 1949.

Mr. OMAR E. GARWOOD, Mr. MILTON C. GARWOOD, Mr. JOSEPH A. BENJAMIN, for plaintiffs in error.

Mr. JOHN J. MORRISSEY, Mr. WILLIAM H. SCOFIELD, for defendants in error.

*In Department.*

MR. JUSTICE JACKSON delivered the opinion of the court.

THE parties appear here in the same order as in the trial court. Plaintiffs, being unsuccessful there, here seek reversal of an adverse judgment which was based upon the pleadings without the introduction of any evidence. The following statement made by the court preceding the entry of its judgment sets forth the pertinent facts:

"Plaintiffs allege they are owners as joint tenants of real property and that defendants claim some right or interest in the property adversely to plaintiffs. They pray a decree that defendants have no right or interest in the property, and that they be adjudged to be the sole owners thereof.

"Defendants, answering the complaint, plead a judgment in a former action as a bar to recovery in this one, and, as a cross-claim, pray for partition.

"Plaintiffs have moved to strike the answer.

"The former action, pleaded as a bar, was commenced in the justice court of Denver by George T. Sloninger, one of the plaintiffs in this action, and is an action in unlawful detainer concerning the same premises as here. The defendants were the same as here, and they answered in the justice court by stating that they were the owners of an undivided one-half interest in the property involved; that they were in possession of the premises when plaintiff acquired his interest, and that plaintiff had notice that they claimed an interest in the property before he bought his interest. The cause was certified to the district court for trial by the justice of the peace upon the filing of the answer setting up the claim of ownership in the defendants. Thereafter the cause came on for trial to a jury. The issue submitted to the jury for their determination was whether defendants were

tenants of the plaintiff, or owners of an interest in the property. The court instructed the jury that if defendants were tenants and had been given proper notice to quit, their verdict should be for plaintiff; that if defendant Sidney Rains was the owner of an interest in the premises, and was in open, notorious, and exclusive possession at the time plaintiff acquired his deed, then their verdict should be for the defendants. The verdict was for the defendants.

"There was no issue raised at the trial regarding the giving of notice to quit or the sufficiency of the notice. Defendants admitted in their answer that, notice had been given. Therefore, the only possible theory upon which the jury reached the verdict is that they believed from the evidence that Sidney Rains was an owner of a half-interest in the property, and was not a tenant of plaintiff. Judgment was entered upon the verdict, and no appeal has been taken. The judgment of the trial court is now final.

"In the present case plaintiffs claim complete ownership of the property. Defendant Sidney Rains asserts that he is the owner of a half-interest. If trial is had on issues thus joined, the question to be decided will be the same as it was in the former trial, namely, Does Sidney Rains own an interest in the property? *A jury has already determined that he does.* The same evidence that was introduced at the former trial will be introduced in this one, if it is tried. The same evidence would sustain a judgment in both. There has already been a final adjudication by a court of competent jurisdiction in a suit between the same parties, involving the same subject matter, that Sidney Rains owns an interest in the property. That fact cannot again be the subject of judicial inquiry. The variance in the parties to the two suits is of no importance.

"Plaintiffs George Sloninger and Dollie Sloninger are joint tenants, as they allege in their complaint. In the justice court suit, only George Sloninger appears as

plaintiff, but there is sufficient privity of interest between plaintiffs to sustain the plea of res adjudicata, even though the parties to the two .suits are not identical.

 "The action as tried in the district court was not merely an action for possession. It was certified from the justice court, properly so, because the title to the property was called in question and was in dispute. * * *

"The plea set up in the answer is good and the motion to strike it is overruled.

\* \* \*

"Defendants have asked for partition of the property. If it is partitioned, the court can by proper decree consider any equities as between the parties and can, if it seems just and equitable, make some adjustment between them for the period during which one co-tenant occupied the premises without charge, but for the present the application for an order requiring defendants to pay rent and for a receiver of the property is denied. The defendants are entitled to partition of the property, upon proper allegations, but the motion for summary judgment on the prayer for partition seems to the court premature, and is accordingly denied."

In the formal judgment the court ordered partition, including the appointment of commissioners as provided under the statute pertaining to partition of real estate, and reserved the right to consider any equities as a result of the occupancy of the premises by defendants without charge when plaintiffs were the owners of an undivided one-half interest in the property.

Counsel for plaintiffs, who are not the same counsel as appeared in the prior action, have filed thirteen specifications of points. The tenth specification—that the court erred in sustaining defendants' plea of res judicata—is the controlling point in the case and is so treated in the briefs.

 Plaintiffs argue that the former action was one based upon unlawful detainer and that the only question

to be determined in that type of action is the right to possession of the premises, citing *Stone v. Lerner,* 118 Colo. 455, 195 P. (2d) 964, 4 A.L.R. (2d) 97, 21 Rocky Mt. L. Rev. 346, and *Beman v. Rocky Ford National Bank,* 100 Colo. 64, 65 P. (2d) 708; they also argue that a judgment in unlawful detainer is no bar and cannot be pleaded in an action to quiet title, citing 22 American Jurisdiction 942. Upon this phase of the case we are of the opinion that when the case was certified to the district court by the justice of the peace, on the ground that it involved the question of title to property, it ceased to be a mere unlawful detainer action and became one involving title. Section 12, chapter 96, '35 C.S.A., on the subject of Justices of the Peace and Constables, reads in part as follows: "If in any action before a justice of the peace relating to real estate, it shall appear that the title or boundaries are in dispute, the justice shall certify the cause and transmit the papers to the district court of the same county. Causes so certified from justices of the peace shall be proceeded with in the courts to which they have been certified in all respects as if originally begun in the court to which they have been certified as aforesaid. [G. S., §1930; G. L. §1600; R. S. '08, §3717; C. L. §6042.]" This act was passed in conformity with section 25, article VI, of the Colorado Constitution, which provides that justices of the peace have no jurisdiction "where the boundaries or title to real property shall be called in question."

In chapter 70, '35 C.S.A., pertaining to forcible entry and detainer, section 9 contains a similar provision for certification to the district court, where title to real estate is involved, and defendants in their pleading state that it was under this section that the present case was so certified. In the case that was thus certified, it will be noted that defendants claimed a one-half interest in the real estate, and the verdict of the jury, and the court by its subsequent judgment of dismissal, sustained their claim. A recent case in which we considered this pro-

cedure is *Cox v. Godec,* 107 Colo. 69, 108 P. (2d) 876, 109 P. (2d) 643.

On the question as to whether res judicata is a proper defense in this action, we believe the answer should be in the affirmative.

In *Pomponio v. Larsen,* 80 Colo. 318, 321, 251 Pac. 534, we said: "The best and most accurate test as to whether a former judgment is a bar in subsequent proceedings between the same parties, according to the authorities, is whether the same evidence would sustain both, and if it would, the two actions are the same, and this is true although the two actions are different in form." (Citing cases.)

In *Bijou Irrigation District v. Weldon Valley Ditch Co.,* 67 Colo. 336 (184 Pac. 382), at page 341, et seq. is the statement: "It is well settled that questions litigated in one action may not be again litigated by the same parties in another action, and whether or not they were litigated in the first action may be shown by extrinsic evidence, under proper allegations in the plea, if such fact does not appear from the record."

But, it is argued, in addition to identity of subject matter there must also be identity of parties before the doctrine of res judicata can be applied, and that this identity does not exist in the instant case because here there are two plaintiffs Sloniger (husband and wife), whereas in the earlier action George Sloniger, the husband, was the sole plaintiff. His complaint in that prior proceeding, however, discloses an allegation that he was the sole owner of the property involved in the suit. Any interest his wife may have acquired has been obtained since that time. Her title, therefore, is in privity with his. She would be bound equally with him by the adjudication in the former action. As was stated in *Pomponio v. Larsen, supra,* which statement we quoted with approval in *Fort v. Bietsch,* 85 Colo. 176, 274 Pac. 812: "It is fundamental, and well understood, that the judgment of any court of competent jurisdiction, so long as

it remains unreversed, is conclusive upon the parties and their privies when the judgment is rendered upon the merits, and without fraud or collusion, upon a matter within the jurisdiction of the court rendering the judgment."

Judgment affirmed.

MR. JUSTICE ALTER and MR. JUSTICE MOORE concur.