## No. 16,134.

### ˙ NEWBY ET AL. *v*. BOCK.

(210 P. [2d] 985)

Decided September 26, 1949.   Rehearing denied October 31, 1949.

Mr. PAUL S. FRIES, for plaintiffs in error.

Mr. JOHN F. BENNETT, Mr. ALFRED HEINICKE, for defendant in error.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

SILVIA V. BOCK brought an action in the district court against Thomas T. Newby, Dawn M. Newby and Ivan M. Morris to have her title quieted in and to an easement

across lands of the defendants and to enjoin the latter from asserting or claiming any right or title in and to the easement or interfering with the plaintiff and those in privity with her from full use and enjoyment of the same, and for damages. The action was tried by the court. At the conclusion of all of the evidence, judgment was entered in favor of plaintiff and against the defendants, who bring the case here by writ of error seeking a reversal of the judgment.

In the complaint it is alleged that plaintiff is the owner in fee simple of certain lands in section 10, township 14 south range 67 west of the 6th P. M., in El Paso county, Colorado. Defendants have some record interest in a parcel of land in section 3 in the same township. It is further alleged that a road traverses the lands of defendants and that plaintiff is the owner of a permanent easement appurtenant to her lands for her use and the use of others in privity with her, and about September 1, 1946, defendants deprived plaintiff and those in privity with her and her invitees of the use of said road, to her damage in the sum of $1,000.00.

Defendants filed a motion to dismiss the complaint: 1. Because the complaint failed to state a claim upon which relief could be granted; and 2. for the reason that the same cause of action, between the same parties, or their privies, had theretofore been tried in the district court and judgment entered adverse to plaintiff herein. They supported their motion to dismiss by presenting a copy of the findings of fact and conclusions of law and judgment in the former action. The motion to dismiss was denied; thereupon defendants filed their answer, counterclaim and cross complaint. For a first defense they admitted their interest in the lands, as alleged by plaintiff, and denied each and every other allegation contained in plaintiff's complaint. For a second and further defense they alleged that in June, 1944, John G. Bock and Silvia V. Bock, husband and wife, brought an action against defendants, and from the allegations

of the complaint therein, which is before us as an exhibit, it appears that they sought in that action to have the identical road herein involved decreed to be a public road by reason of its use uninterruptedly for a period of more than twenty years, and further alleged that the road is the only means of ingress to and egress from their lands.

In the former action plaintiffs sought "a judgment perpetually restraining and enjoining the Defendants, and those claiming under, through or by any of them, or any of them, from interfering *with the Plaintiffs'* and the public's right to the use of said road;" (Italics ours) and for other relief. The transcript of the testimony in the former case is before us as an exhibit herein, and we have the advantage of considering the findings of fact, conclusions of law, and judgment made and entered in the former action. Therein the court found: "That Carrie A. Norris [predecessor in title to the defendants here] controlled the use of said roadway from the year 1920 until her death, which occurred after the commencement of this action," and further, "That the plaintiffs have used said roadway with the permission of the said Carrie A. Norris and the other individual defendants to this action, under the restrictions placed by said defendants and the said Carrie A. Norris as owners of said property upon the use of said roadway." Thereupon the court concluded as a matter of law that the roadway here in question "is a private road, and not a public highway, and it is subject to the control of the owners of the real estate [defendants] over which it extends." In their defense here it is defendants' contention that the findings of fact, conclusions and judgment in the former action, no review of which was sought, is res judicata as to all matters set forth in the complaint.

For a third and further defense and counterclaim and cross claim, defendants seek damages against plaintiff and her husband, John G. Bock, by reason of negligence in the use of the roadway in question and prayed that

John G. Bock be made a party to the action so that all matters in dispute between the parties may be fully adjudicated and determined, and for judgment against plaintiff and John G. Bock in the sum of $555.00. Subsequent to the filing of the answer, defendants moved that John G. Bock be made a party to the action as provided by rule 15, R.C.P., Colo., stating that he was an essential and necessary party for the determination of the matters involved in the action; that service upon said Bock could be obtained in El Paso county; and that he was subject to the jurisdiction of the court. This motion was based upon rules 13, 19 and 21, R.C.P. Colo.

Plaintiff filed an answer to the counterclaim and cross claim and therein admitted the judgment in the former action as set forth by defendants; admitted that John G. Bock was the husband of the plaintiff, and denied all other allegations in the counterclaim and cross complaint.

Defendants' motion to have John G. Bock made a party defendant was denied.

Upon the hearing of defendants' motion to dismiss, before Hon. G. Russell Miller, who presided at the trial in 1944, and to whom this particular motion, containing the plea of res judicata, was referred by Hon. John M. Meikle, Judge Miller found, "That the matters and things set forth in the complaint filed herein were not adjudicated in case No. 24063 [Silvia and John G. Bock v. Carrie Norris, et al., in which action judgment was entered on June 26, 1944] on the civil docket of this Court; that this action involves the question of whether or not plaintiff herein has a private right of way or easement over and across certain lands in and to which the defendants claim some interest, while the former action above referred to was based upon the question of whether or not the public had an interest in and to such right of way or easement, and whether such right of way or easement was and constituted a public road." The motion was denied.

Defendants then filed a motion for summary judgment based upon the findings of fact and conclusions of law and judgment entered by Judge Miller in the former action and supported the same by affidavits. Counter affidavits were filed on behalf of plaintiff and subsequently the motion for summary judgment was denied and the cause proceeded to trial.

Before any evidence was taken, defendants submitted the following offer, which was renewed at the conclusion of the trial:

"Mr. Fries: Before we proceed with the trial of the case we would like to make this offer on behalf of defendants. They offer to allow and permit plaintiff to cross defendants' lands along the route heretofore used by her with their consent in accordance with the findings of this court in its judgment in Case Number 24063 entered under date of June 26, 1944, provided she shall not use said way for heavy traffic or for horseback riders or for driving horses along said way, as such use interferes with the use of said property by defendants and their tenants, and has tended to endanger their children and the children of those occupying their houses and their campground, and to damage their property, including the bridge owned by defendants which crosses Fountain Creek. Defendants further offer to grant and convey to plaintiff and her husband, John G. Bock, an easement across the southwest corner of defendants' property as may be required to permit plaintiff and her husband to reach their own land adjoining Colorado Avenue, for use by them for heavy traffic, and for their horseback riders, and for taking their horses to their own property. In the event this offer is not accepted, defendants again move the court that John G. Bock be made a party to this action so that the rights of defendants in respect to the control of said roadway across their lands may be fully adjudicated as said John G. Bock with the plaintiff herein have insisted upon crossing defendants' lands with horsemen over the objection

of these defendants and to continue the use of said road-way for their horses and horsemen to the damage of these defendants."

In her complaint plaintiff alleges that she "is the owner of a permanent 'easement appurtenant to her lands above described" for the use of herself and others in privity with her, including invitees, and sought the court's decree therefor. As a matter of fact, in plain-tiff's counter affidavit resisting defendants' motion for summary judgment, there is found this statement: "That such road has been used as a private right of way or easement from the time of the conveyances by Henry Morton [September 20, 1888] until about October 1, 1946 when said right of way or easement was blocked as set forth in the complaint herein; that plaintiff, until October 1, 1946, used said right of way or easement without asking or obtaining permission from anyone; that prior to that time no-one barred or sought to bar her use of said right of way or easement; *that affiant will, at the trial in this matter, produce evidence that said right of way or easement has been used by her, by her predecessors in title, openly, adversely under claim of right from the time of conveyance by Henry Morton above set out until October 1, 1946.*" (Italics ours)

The record of the trial of the former action, as well as that in the trial of the instant case, discloses that plaintiff introduced evidence material to the establish-ment of a right of way or easement by prescription and also that in her complaint in the former action she sought a decree establishing her right in an easement over defendants' property as a way of necessity and that the court disposed of this contention in the former case by denying her relief. The judgment in the former action has long since become a final judgment, and no review thereof has ever been sought. In the decree in the instant case the court specifically found, contrary to the judgment in the former action as we view it, that the right of way or easement sought by plaintiff "was

and is tne only practicable way of ingress and egress" to and from her property, but did not find that plaintiff was entitled to a permanent easement across defendants' property as an appurtenance.

The decree entered in the instant case, with certain limitations and provisions, quieted title in plaintiff to the right of way or easement described in the complaint. Subsequent to the entry of the decree, defendants filed their motion to amend the findings of fact and conclusions of law and the decree, and upon the hearing the court made the following supplemental findings of fact: "1. That Sylvia V. Bock, Plaintiff herein was a Plaintiff in that former case No. 24063 in this Court. 2. That Thomas T. Newby, Dawn M. Newby and Ivan M. Norris, Defendants herein were defendants in the former action No. 24063 in this Court. 3. That the real estate found to be owned by Plaintiff is a part of the real estate claimed by Plaintiff herein and her husband, John G. Bock, as Plaintiffs in the former action No. 24063 in this Court. 4. That the real estate found to be owned by Defendants is the same real estate found to be owned by these Defendants in the former action No. 24063 in this Court. 5. That the roadway mentioned in these Findings is the same roadway and crosses the same lands of the Defendants described and referred to in the former action No. 24063 in this Court."

Plaintiff in the instant case, as well as in the former cause, introduced evidence, the materiality and pertinency of which was competent only upon the premise that she was basing her rights upon adverse use of the roadway for the prescriptive period.

There are three specifications of point: 1. Denial of defendants' plea of res judicata; 2. failure to consider evidence introduced in support of said plea; 3. failure to make the husband, John G. Bock, a party to the action. We deem it necessary to consider only the first specification.

The complaint in the former action is before us as an

exhibit, and an examination thereof discloses that therein it is alleged that the road there, and here, in question has been used by the public uninterruptedly for a period of twenty years or more prior to any objection by the defendants, or either of them, and further therein is found an allegation that the road is the only means of ingress to, and egress from, plaintiffs' lands. A decree was sought preventing the defendants from interfering with the plaintiffs' right to the use of the roadway. As has been said, plaintiffs suffered defeat in that action. From the supplemental findings of fact in the instant case, it is undisputably established that plaintiff and her husband were the plaintiffs in the former action; that the defendants were parties defendant in the former action, and that the roadway is the same and crosses the same lands owned by defendants as those which were specified in the former action. In the former action it was found that the roadway here involved was accessible only through gates erected and maintained by defendants; also that defendants controlled the use thereof from 1920 until some time in 1944; also that the roadway here involved was a private roadway and that individuals and members of the general public were permitted to use the same by defendants and specifically, "That the plaintiffs have used said roadway with the permission of the said Carrie A. Norris and the other individual defendants to this action, under the restrictions placed by said defendants and the said Carrie A. Norris as owners of said property upon the use of said roadway."

Among the conclusions of law in the former case, it was found that the roadway there, and here, in question was a private road and not a public highway; that it was subject to the control of the owners of the real estate over which it passed; and, further, that any use by plaintiffs of the private roadway was in accordance with restrictions and requirements imposed and made by the defendants. In the former trial plaintiffs, in ad-

dition to asking a decree determining that the roadway in question there, and here, was a public road, also asked a determination that it was a way of necessity, and they also introduced evidence competent only to establish that she and her husband were claiming the right to the use of said road by reason of adverse possession for the prescriptive period. As we have said, the judgment in that case became final and is now conclusive between the parties and their privies. The two complaints considered, privity between plaintiff and her husband cannot be questioned.

We are not here called upon to decide whether the court, in the trial of the former action, had jurisdiction of the proper parties and subject matter necessary to enter a decree determining the road there, and here, involved, to be a public road. There was, however, evidence introduced in the former trial in support of plaintiffs' allegation that the road in question there, as here, was a way of necessity, and also evidence from which the trial court might have found that plaintiffs and their predecessors had a prescriptive easement in the road or highway or that the road there, and here, in question was an appurtenance to plaintiffs' land. In the instant case, the evidence is substantially the same as at the former trial. In the former trial the court had unquestioned jurisdiction of the parties and the subject matter so far as it pertained to individual rights, and there was evidence introduced there which, if credited, would have warranted the court in granting the plaintiffs the relief which is sought in the instant action. Rule 15, R.C.P., Colo.

■ Concerning the plea of res judicata, its sufficiency and effect, we have said:

"To constitute a valid plea of res judicata there must be identity of the subject matter, of the cause of action, of the persons and parties, and in the quality of the persons for or against whom the claim is made.

\* \* \*

"It is fundamental, and well understood, that the judgment of any court of competent jurisdiction, so long as it remains unreversed, is conclusive upon the parties and their privies when the judgment is rendered upon the merits, and without fraud or collusion, upon a matter within the jurisdiction of the court rendering the judgment. Such a judgment is an absolute bar to the prosecution of a second action on the same claim or demand, not only as to matters actually in controversy in the first action, *but as to every matter which might have been litigated and determined therein incident to and necessarily connected with the subject matter of the litigation.* (citing case)

"The best and most accurate test as to whether a former judgment is a bar in subsequent proceedings between the same parties, according to the authorities, is whether the same evidence would sustain both, and if it would, the two actions are the same, and this is true although the two actions are different in form. (citing cases)" (Italics ours) *Pomponio v. Larsen,* 80 Colo. 318, 251 Pac. 534.

The general rule seems to be that if there is identity of subject matter; identity of cause of action; identity of persons to the action, and identity of capacity in the persons for which or against whom the claim is made, that these four identities existing, a prior judgment is conclusive not only as to every question actually presented and decided, but also as to every question within the issues which might have been presented and determined. Accordingly, the rule announced in *Pomponio v. Larsen, supra,* has been the rule in this jurisdiction from its early history and finds support in many other jurisdictions and recognized texts and encyclopedias. *Denver City Irrigation & Water Co. v. Middaugh,* 12 Colo. 434, 21 Pac. 565; *Smith v. Cowell,* 41 Colo. 178, 92 Pac. 20; *Bijou Irrigation District v. Weldon Valley Ditch Co.,* 67 Colo. 336, 184 Pac. 382; *Croke v. Farmers Highline Canal & Reservoir Co.,* 71 Colo. 514,

208 Pac. 466; *Fort v. Bietsch,* 85 Colo. 176, 274 Pac. 812; *London v. Allison,* 87 Colo. 27, 284 Pac. 776; *Craddock v. Palmer, Admr.,* 91 Colo. 79, 11 P. (2d) 807; *City and County of Denver v. Colorado Seminary,* 96 Colo. 109, 41 P. (2d) 1109; *Colette v. Tidwell,* 112 Colo. 117, 146 P. (2d) 891; *Sloniger et ux. v. Rains,* 120 Colo. 339, 208 P. (2d) 941; 30 Am. Jur., p. 923, §179; 50 C.J.S., p. 102, §657; 2 Freeman on Judgments (5th ed.), p. 1469, §695; 2 Black on Judgments (2d ed.), §§764, 821, 936.

We are convinced that the judgment in the prior action "is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L. Ed. 195, and cited in *Fishgold v. Sullivan Drydock and Repair Corp.,* 328 U. S. 275, 68 Sup. Ct. 1105, 90 L. Ed. 1230.

The defense of res judicata barred plaintiff from maintaining this action, and the trial court committed error in not so holding.

The judgment is reversed and the cause remanded with instructions to dismiss the action at the costs of defendant in error.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE HAYS concur.