No. C-447

Christian S. Aasgaard v. Spar Consolidated Mining and
Development Company, a Colorado Limited Partnership

(522 P.2d 726)

Decided May 28, 1974.        Rehearing denied June 17, 1974.

Wendt & Kistler, for petitioner.

Joseph E. Edwards, Jr., for respondent.

MR. JUSTICE HODGES delivered the opinion of the
Court.

We granted certiorari to review the decision of the Court
of Appeals in *Spar Consolidated Mining v. Aasgaard,* 33 Colo.

App. 35, 516 P.2d 127 (1973). Our review, however, is limited to Section IV of that decision which deals with an issue concerning respondent Spar's title to real estate as opposed to petitioner Aasgaard's claim of title. However, the only issue involved pertains to right of possession and not to title. Therefore, the Court of Appeals' reference to the application of either the doctrine of *res judicata* or estoppel for a determination of respondent Spar's title to the real estate in question was not only unnecessary, but also erroneously indicates that a result reached in a prior county court action in unlawful detainer may have conclusive effect on the question of title in a later district court action involving the same real estate.

The trial court's judgment actually did no more than determine that respondent Spar had the possessory right to the real estate in question and that petitioner Aasgaard consequently did not have such a right. The amended complaint was for unlawful detainer and its sole prayer for relief was for a judgment against Aasgaard for recovery of possession of real property. This trial court judgment was properly affirmed by the Court of Appeals but for the wrong reason. A few background facts will suffice to show what occurred and why title to the real estate was not the issue upon which this unlawful detainer case is determinable.

In 1967, respondent Spar's predecessor in title brought an action in the Pitkin County Court against petitioner Aasgaard in unlawful detainer pursuant to C.R.S. 1963, 58-1-4. Defendant. Aasgaard was alleged to be in unlawful occupation of a shack located on land owned by the plaintiff. He failed to answer or appear. Upon his default being entered, the plaintiff's motion for judgment of possession was granted. In executing on this judgment, the sheriff padlocked the shack. Thereafter, Aasgaard reoccupied the shack.

In 1971, respondent Spar brought its unlawful detainer action in the district court against petitioner Aasgaard, whose only significant defense was that he had gained ownership to the land by virtue of adverse possession. The district court

found that petitioner Aasgaard had not established adverse possession. Accordingly, it entered a judgment in respondent Spar's favor for possession of the premises.

Spar's complaint in the trial court alleged as a basis for a requested judgment of possession that it owned the premises. Aasgaard's answer denied the allegation of ownership and affirmatively alleged Aasgaard's ownership by virtue of adverse possession. At the conclusion of the evidence, the trial court made findings to the effect that the shack, which Aasgaard occupied, was on land owned by Spar and that Aasgaard had "no interest in or right to possession of any part of . . ." this land.

From the record, there is prima facie evidence to show Spar's possessory right to the property by virtue of its ownership by conveyance from its predecessor in title. Unfortunately, the trial court made a finding which could be interpreted to mean that Spar's title was established in this case by the previous Pitkin County Court judgment of 1967. It was for this reason that the Court of Appeals in its opinion apparently deemed it necessary to discuss *res judicata* or estoppel with reference to that previous county court judgment.

In Colorado, a forcible entry and detainer action in a county court is limited to the question of possession, and title to the land involved may not be an issue for resolution there. *Colo. Const. Art.* VI, Sec. 17. *See also Sloniger v. Raines,* 120 Colo. 339, 208 P.2d 941 (1949); *Beman v. Rocky Ford National Bank,* 100 Colo. 64, 65 P.2d 708 (1937); and *Potts v. Magnes,* 17 Colo. 364, 30 P. 58 (1892). Therefore, since the Pitkin County Court in the 1967 case had no jurisdiction to try title, its default judgment for possession could have no conclusive effect in any later district court action where title to the land involved is an issue.

The record clearly shows that the trial court's judgment for possession in favor of Spar is supported by evidence and that the previous Pitkin County Court judgment for posses-

sion in favor of Spar's predecessor in title against petitioner Aasgaard had no bearing on the ownership of the land involved. We agree with the result reached by the Court of Appeals when it affirmed the trial court's judgment for possession in favor of respondent Spar.

Judgment affirmed.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES do not participate.