## No. 19,718

PETE DOMINIC ALLOY, ET AL., *v.* RALPH SPINA, ET AL.

(370 P. [2d] 440)

Decided April 9, 1962.

Messrs. STINEMEYER & STINEMYER, for plaintiffs in error.

Messrs. BOYLE & WITTY, for defendants in error.

29

*In Department.*

Opinion by Mr. Justice Sutton.

This action is a sequel to the case of *Saunders, et al v. Spina, et al,* 140 Colo. 317, 344 P. (2d) 469 (1959), to which reference is made for a more detailed history of the controversy. Subsequent to our remand in *Saunders* the trial court entered its judgment as directed. Also, subsequent to remand and before the trial court acted, Inez B. Saunders made and delivered her warranty deed dated October 23, 1960, to the Alloys, plaintiffs in error here, wherein she conveyed (with other property not in dispute) water priorities Nos. 19, 92, 119 and 3½ cubic feet of water per second of time under priority No. 152 dated August 4, 1886, from the Newby and Bowring Ditch No. 103. Following this deed Ralph and Rose Spina instituted this action to have the deed set aside as a cloud on their title as to priority No. 152. Frank and Louise Scanga joined the action as Intervenors and their rights to a one-seventh interest in this priority is not questioned. It later appeared that the Alloys' claim was to only two cubic feet of water per second of time out of seven, which would leave one cubic foot of water per second of time for the Scangas and four feet of water per second of time for the Spinas.

From our opinion in *Saunders* it appears that the Alloys having established their exclusive right to 2.33 cubic feet of water per second of time under priorities Nos. 19, 92 and 119 (less one-seventh to Scangas) have ended with considerably less than one-half of the total ditch flow of 9.33 cubic feet per second of time (less the Scangas one-seventh) which they had the use of when they and the Spinas equally divided the water. Having successfully asserted that "what was theirs was theirs," they now seek to assert that what is Spinas' is half theirs also.

The trial court granted the requested relief on the

ground that the matter was *res judicata* under the earlier *Saunders* judgment and the Alloys bring error. The sole question for determination thus is what happened to priority No. 152 as a result of the first lawsuit and can the Alloys now claim an interest in it?

In *Saunders* we stated that "It seems to be conceded that priority No. 152 was originally brought to the ditch by plaintiffs' (Spinas') predecessors in title." Also, in that opinion in referring to No. 152 we said that the evidence in the trial court disclosed "3. That defendants (the Alloys) at no time claimed any part of priority No. 152, and did not stand upon, and in fact had waived, their additional claim of title (to water out of the ditch) by adverse use and possession." We there stated as to the findings of the trial court, which we held to be erroneous, that "5. Defendants (the Alloys) claimed by adverse possession all four of the priorities, whereas the record shows a specific waiver of this defense and it appears that defendants at no time had claimed priority 152 or any interest therein."

The Alloys urge that this language alone taken out of context from the balance of our opinion indicates that as between these parties the right to No. 152 has never been determined. This is not to say, however, that such matter was not before the court in that action and could have been determined therein.

What must be kept in mind is that the *Saunders* case was extremely complicated and involved several ditches, priorities and parties. The gist of that action was that the Alloys there claimed that just because all four of the priorities involved had been transported through the same ditch for many years, did not give the Spinas a right to one-half of the water in a dry year (less the one-seventh to the Scangas) even though the water had been equally divided through the years. We agreed that no adverse use by the Spinas had been proved by them to part of the Alloys' water rights under the facts shown.

It was at the original trial that the Alloys waived their

claim of alleged adverse use against the Spinas as to No. 152. This they had to do in order to claim their exclusive record rights to priorities Nos. 19, 92 and 119 since such claim is wholly inconsistent with a claim to one-half of all the water in the ditch by adverse possession. It was this situation that is described in the quoted language from the *Saunders* opinion.

Returning now to the case before us. The Alloys having waived their claim in *Saunders* to No. 152 in order to achieve their rights to Nos. 19, 92 and 119, now seek to have their cake and eat it *too* by attempting to claim a right to part of No. 152 on the identical theory which proved ineffectual when employed against them by the Spinas in *Saunders*. This they cannot do. The matter, having been clearly within the issues of the prior action, is *res judicata* and was properly determined to be so by the trial court.

The fact that in *Saunders* we did not determine expressly who owned No. 152 does not aid the Alloys. It was not an issue on the writ of error in the *Saunders* case. This, however, does not mean it was not directly involved in the action before the trial court.

One further example will suffice here: In the Alloys' Answer and Counterclaim in the trial court in the original action one of the prayers for relief was as follows, to-wit: "That this Court determine the respective rights and priorities of the plaintiffs and defendants above named in and to all rights and priorities now diverted and used in said Newby and Bowring Ditch and that the plaintiffs be enjoined from interfering with defendants' prior rights therein."

There was no need for the Spinas to urge error in this Court as to the Alloy's waiver of No. 152 in that action. The Alloys could have made no such claim in *Saunders* as they now make, since it would have defeated their claims to exclusive ownership of the other three priorities.

We hold that one can as effectively have his in-

terests adjudicated in a matter involved in a case by waiver, as if he had affirmatively asserted a claim therein. See *Pomponio v. Larsen*, 80 Colo. 318, 321, 251 Pac. 534 (1926); *The Grand Valley Irrigation Company v. The Fruita Improvement Company*, 37 Colo. 483, 500 and 501, 86 Pac. 324 (1906).

The judgment is affirmed.

MR. JUSTICE McWILLIAMS and MR. JUSTICE PRINGLE concur.