Wilson, J.
The plaintiff was a corporation organized under the laws of Colorado, but carrying on its business, that of buying, selling and raising cattle, in the territory of New Mexico. At the time of the occurrences which gave rise to this controversy, defendant was, and for a long time previous had been, a stockholder in and one of the seven directors of the corporation. The pleadings are of great length, comprising as they apparently do, a history of the transactions of the corporation for a period of years, but it is not necessary to set forth a detailed statement of all the facts in order that the issues herein and their determination majr he understood. It appears that in February, 1893, the company became involved in financial difficulties, necessitating the borrowing of $13,000. From this circumstance arose the troubles which *141 culminated in this suit. The complaint alleges that the defendant undertook to procure, and did procure for the company, a loan of said sum of money from two persons, for which it executed its two promissory notes, indorsed by the directors. The plaintiff alleges that the said several sums of money were in fact loaned by the defendant, and the notes were his property, a fact, however, which was not then known to plaintiff. It is further alleged that upon the maturity of the notes, the defendant, with the intent and purpose of securing a benefit and advantage for himself as against the plaintiff, represented to the directors that the parties to whom the notes had been executed were insisting upon payment, and urged the selling of a large number of cattle with which to make said payment; that by reason of said statements, he induced the plaintiff to sell to one Kinneham and one Keeler, a large number of cattle, but that in truth and in fact, they were merely representatives of the defendant, he being in reality the purchaser and furnishing the money therefor. That by reason of certain wrongful acts of defendant and his said representatives, the plaintiff received less than it should have been paid for the cattle sold. It is further alleged that about October, 1893, the plaintiff in pursuance of a demand by defendant, and for the purpose of meeting its matured obligations, executed and delivered to one Henry W. Green for the use and benefit of said defendant, its promissory note for about $11,400, and to secure payment of the same, also executed and delivered to the said Green a chattel mortgage upon all the cattle and live stock owned by plaintiff in the territory of New Mexico, together with a deed of trust on its real estate. That at such time the indebtedness of the company was in the sum of $10,000 only, being the balance yet due on the $13,000 loan. That in November following, Green assigned said note and chattel mortgage to the defendant. It is further alleged that in May, 1894, defendant made a pretended sale and transfer of said promissory note to his nephew, Lyman Dake, then living in New Mexico, but that said sale and transfer was collusive and *142 colorable for the sole and only purpose of enabling the said defendant to make a pretended sale under the chattel mortgage of the live stock of the company for his benefit. The complaint then alleges various acts on the part of the defendant, acting through his nephew, in the manner of foreclosure of said chattel mortgage, tending to show that the defendant had defrauded the company by selling and appropriating to his own use cattle to the value of $50,000, in disregard of the rights of plaintiff, and for which he had failed to account. The plaintiff demanded judgment for $100,000, also for an accounting of all the property of plaintiff taken possession of by defendant, or in anywise disposed of by him.
The answer set up three defenses: first, denial of all the allegations of fact tending to show any misrepresentations or fraudulent conduct on the part of defendant. Second, the plea of res judicata. Third, a plea of another suit pending in a district court of New Mexico. Judgment upon the pleadings was rendered in favor of defendant.
Only one question is necessary to be considered, and that is the second defense, the plea of res judicata. This was based upon a suit instituted in February, 1894, also in the district court of Arapahoe county, Colorado, the parties to which were William B. Palmer and five others, who sued for themselves as directors, and also for themselves and all other persons similarly situated as stockholders of the plaintiff corporation, as plaintiffs, and both the plaintiff and defendant in this suit, and Frederick A. Williams, trustee in the deed of trust, as defendants. In the complaint in this action, the plaintiffs set forth in greater detail the alleged fraudulent acts and misrepresentations of defendant with reference to the negotiation of the $13,000 loan, which is the basis of the present suit, and the sale of cattle to make payments thereon. The prayer was, first, for the appointment of a receiver of the company’s property; second, that the note executed by the corporation to Green, and by Green transferred to defendant, together with the chattel mortgage and deed of trust exe *143 cuted to secure its payment, should be declared fraudulent, null and void, and delivered up to be canceled and set aside, and for a full accounting; third, that an injunction issue restraining defendant from interfering with or taking possession of any of the company property, or attempting to foreclose the note, chattel mortgage, or deed of trust; fourth, that Williams, trustee, be enjoined from foreclosing the trust deed. The defendant corporation in such suit filed its separate answer, admitting and adopting the allegations of the complaint. Defendant Dake also filed a separate answer, denying, as in this cause, the allegations tending to show any fraud, misrepresentation or misconduct on his part. In response to the prayer of the complaint, a receiver was appointed, and a preliminary injunction granted. Soon after, the injunction was dissolved, and in April, 1894, defendant Dake filed a supplemental answer, setting forth that since the dissolution of the injunction, he had sold and assigned the note in controversy to Lyman H. Dake, for a valuable consideration, and was no longer the owner thereof. To this, no reply was made. Nothing further seems to have been done in this cause until 1896, when final hearing was had, and two separate decrees entered by the court, one on January 18th, and one on February 27th, of said year. The issues so far as they affected, or are connected with those involved in this suit, were found in favor of the defendant Dake.
In the case at bar, the trial court based its decision in favor of the defendant upon this plea of res judicata, and that it was correct in so doing, is, we think, quite clear. In the Palmer suit, the corporation, though nominally a defendant, was in reality a party plaintiff. The acts of defendant which were complained of, if wrongful at all, were wrongful to the entire corporate body. The plaintiff stockholders were not entitled to and could not have obtained any relief except that to which the corporation was entitled. Any judgment or decree in their favor must necessarily have been for the benefit of the corporation. Besides, the corporation in this instance filed its answer in which it specifically adopted the *144 allegations of the complaint, thereby making itself a party plaintiff. The defendant Dake was the only party in interest as defendant in that suit, Williams having no interest except as trustee for him. The action was therefore between the same parties as the case at bar. Even if the corporation had not been strictly speaking the party plaintiff, it being in privity with the parties plaintiff, would have been equally bound with them by a valid judgment in the cause. Cromwell v. County of Sac, 94 U. S. 351; Kilander v. Hoover, 111 Ind. 10; Harmon v. Auditor, 123 IL. 122. So far, then, as parties are concerned, there was in these two cases an identity of parties sufficient to bring them within the rule governing a plea of res judicata.
With reference to the identity of subject-matter, and the identity of cause of action in the two suits, there can also be no question. The subject-matter was the $13,000 indebtedness, the execution of the Green note, the chattel mortgage and the deed of trust given to secure the same, and the alleged attempt or purpose to foreclose them. Upon all these questions the court necessarity passed in the hearing and determination of the cause instituted in February, 1894, and which is pleaded in bar of this suit. Counsel seek to make a distinction, however, by contending that the issues in this case concern only the legality and bona fide nature of the actions of defendant Dake in foreclosing the note and chattel mortgage, and that these were subsequent to the matters and things alleged as the basis of the rights of plaintiffs in the first suit. Without entering into an elaborate discussion of what questions were embraced in the two suits, it is only necessary to say that the position of counsel cannot be maintained, because the matters and things upon which the plaintiff here seeks to base the issue, might have been raised, and should have been raised and adjudicated in the former suit. “ A valid judgment is conclusive between the parties, not only as to such matters as were in fact determined in that proceeding, but as to every other matter which the parties might have litigated as incident to or es *145 sentially connected with the subject-matter of the litigation, whether the same as a matter of fact, were or were not considered.” Water Co. v. Middaugh, 12 Colo. 434; Cromwell v. County of Sac, supra ; Harmon v. Auditor, supra.
In April, 1894, plaintiff was notified by the supplemental answer of defendant Dake in the Palmer suit, to which it was a party, that he had transferred the note, and this transfer of course carried with it the transfer of the mortgage and deed of trust given to secure it. It appears also, upon plaintiff’s own allegation in its complaint, that in pursuance of such transfer, Lyman H. Dake, acting, however, for defendant A. C. Dake, who was alleged, notwithstanding the pretended transfer to have still continued to be the real owner of the note and mortgage, proceeded in May, 1894, to foreclose the chattel mortgage. At that time, therefore, defendant Dake was guilty, if at all, of the fraudulent and wrongful acts prejudicial to the rights and interests of plaintiff, and then, if at all, he wrongfully sold and appropriated to his own use the cattle of plaintiff, and without accounting therefor. Final hearing was not had and the final decree was not entered in the cause until nearly two years thereafter, giving plaintiff ample time to have presented and secured an adjudication of these matters. That it might have done so, and that it should have done so, is too apparent to require discussion, because they were part and parcel of the same transaction. It was a carrying out and consummation of the alleged wrongful and fraudulent acts of defendant Dake, if there had been any such. The chief object of the first suit was to secure the annulling and cancellation of the chattel mortgage, and certainly there should have come within the scope of this suit any acts threatened or done under or by virtue of the mortgage so alleged to be fraudulent. The rule, supported by reason and authority, is that a judgment should settle the rights of the parties with reference to the subject-matter of the suit as existing at the time of the trial and judgment. School District No. 2 v. Hart, 3 Wyo. 563. Again, and as conclusive of the position which we have taken *146 that the plea of res judicata was properly sustained, an accounting was prayed in the first suit as well as in the one at bar, of all the property of plaintiff taken possession of or disposed of by defendant. According to plaintiff’s own theory of the present action, it is based upon the wrongful taking possession of and disposal of plaintiff’s property by the defendant, long prior to the determination of the first suit. These were certainly proper matters for an accounting, and should then have been presented to the court, and such not having been done, they are barred from further consideration by the judgment in that case. Hodges v. Bullock, 15 R. I. 592; Hites v. Irvine, 18 Ohio. St. 283; In re Helfenstein's Estate, 135 Pa. St. 293.
It seems to us quite clear that every question now raised was raised and adjudicated in the former suit, or could and should have been so raised and adjudicated. The judgment is therefore correct, and will be affirmed.

Affirmed.