## No. 23187.

Hariclia C. Ballas, C. P. Ballas, Vasil Ballas, and Helen Quickenstedt *v.* Mary Cladis, Peter L. Bancroft, Nicholas Nicholson, Gus Cladis and United States Fluorspar & Manganese, Inc.

(447 P.2d 224)

Decided November 18, 1968.    Rehearing denied December 9, 1968.

HERBERT M. BOYLE, for plaintiffs in error.

WALTER F. SCHERER, CLARKE W. KARR, for defendants in error Mary Cladis and Gus Cladis.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

BALLAS and others, hereinafter referred to as the plaintiffs, alleging that they were stockholders in the United States Fluorspar & Manganese, Inc., hereinafter referred to as the corporation, brought an action against the following named defendants: (1) the corporation; (2) Peter Bancroft and Nicholas Nicholson, who were said to be officers and directors of the corporation; and

(3) Mary Cladis, who was also asserted to be an officer and director of the corporation, and her son Gus Cladis.

In their complaint the plaintiffs sought no relief, as such, from either the corporation or Bancroft and Nicholson. Rather, the gravamen of their complaint concerned certain mining property and mining machinery and equipment, title to which Mary Cladis had obtained in a foreclosure proceeding theretofore brought by her against the corporation. It was claimed that the foreclosure proceedings were invalid and that the title to the aforementioned properties acquired by Mary Cladis in the foreclosure proceeding was subject to a constructive trust in favor of the corporation. Accordingly, the plaintiffs asked that Mary Cladis be required to convey the property which was the subject of the foreclosure proceedings back to the corporation.

In response to this complaint the corporation and Bancroft and Nicholson filed a joint answer and cross-complaint against Mary and Gus Cladis in which they asked the court to grant the relief prayed for by the plaintiffs.

One of the several defenses pleaded by Mary and Gus Cladis to both the complaint and cross-complaint was that of res judicata. Thereafter, in a verified motion, Mary and Gus Cladis moved for a summary judgment on the ground of res judicata. No evidentiary matter was offered either in support of, or in opposition to, the aforesaid motion for summary judgment. However, counsel for Cladis did ask the particular trial judge who heard the motion for summary judgment to take judicial notice of two other actions theretofore brought and tried in the Denver District Court. The trial judge declined to take such judicial notice and denied the motion for summary judgment, with the comment that summary judgment was a "drastic remedy" and under the circumstances improper.

The case later came on for a trial to the court, with the judge presiding at the trial of the case being a

different judge than the one who had previously denied the motion for summary judgment. Upon trial the trial court determined to dispose of the issue raised by the Cladis' affirmative plea of res judicata, before plunging into a trial on the so-called merits of the controversy.

In support of their plea of res judicata, Mary and Gus Cladis introduced into evidence the so-called judgment rolls of the Denver District Court in civil actions Nos. B-63012 and B-65288, as well as the record made upon the trial of those two separate actions which were by order of court consolidated for trial purposes. The record thus tendered and received contained among other things the findings, conclusions and judgment entered in the consolidated proceedings. In opposition thereto the plaintiffs offered no evidence bearing on the issue raised by the defense of res judicata.

It was on this state of the record that the trial court in the instant proceeding upheld the plea of res judicata and entered judgment in favor of Mary and Gus Cladis, and dismissed plaintiffs' claim, as well as the cross-claim interposed by the corporation and Bancroft and Nicholson. By this writ of error the plaintiffs — but not the corporation or Bancroft and Nicholson — seek reversal of the judgment thus entered.

Disposition of this controversy requires some comparison of the pleadings in the instant case and the pleadings in civil actions Nos. B-63012 and B-65288. On June 3, 1963 the corporation instituted an action in the Denver District Court against Mary and Gus Cladis and one John W. Hughes, public trustee for Chaffee County, which action was numbered as civil action No. B-63012. In this complaint it was alleged that on or about November 8, 1950 the corporation executed and delivered its promissory note to Mary Cladis in the sum of $70,366.94 and that in order to secure payment of this note the corporation also executed and delivered to the public trustee of Chaffee County a deed of trust covering certain described mining property, as well as some min-

ing machinery and equipment. It was further alleged that on March 4, 1963, after publication of a notice of sale, the public trustee sold the aforementioned property to Mary Cladis upon her bid of $122,870.25. Without detailing all of the many allegations in this very lengthy complaint, it should be noted that the corporation generally complained about Mary and Gus Cladis as follows:

(1) that Mary Cladis owed a fiduciary relationship to the corporation, and that her son, Gus, assisted her in the actual management of the corporation;

(2) that there was no consideration for the note and deed of trust executed and delivered to Mary Cladis by the corporation;

(3) that Mary and Gus Cladis had converted to their own use property and funds of the corporation, and that they should be required to make an accounting;

(4) that Mary and Gus Cladis "conspired" for the purpose of "preventing" the corporation from buying or leasing other mining properties, and that the corporation was damaged by these actions in the amount of $1,000,000;

(5) that Mary Cladis had subscribed to 125,000 shares of stock in the corporation at $1 per share, but had not paid any part of the subscription; and

(6) that the title acquired by Mary Cladis in the foreclosure proceeding is held by her as a constructive trustee for the corporation.

On September 3, 1963, Marion T. Quinn and others, as stockholders in the corporation, instituted an action against the corporation, Bancroft and Nicholson, Mary Cladis and John Hughes, this particular action being numbered civil action No. B-65288. In this proceeding the corporation and Bancroft and Nicholson filed a cross-complaint against Mary Cladis and John Hughes which for all practical purposes was identical with the claim asserted by the corporation in civil action No. B-63012. In civil action No. B-65288 the Quinn complaint was dismissed on Cladis' motion for summary judgment,

this ruling being based on what the trial court determined to be a lack of capacity on the part of Quinn, et al. to maintain the proceeding. However, the cross-claim in civil action No. B-65288 was then consolidated with civil action No. B-63012.

Consolidated actions numbered B-63012 and B-65288 were later tried by the Honorable Saul Pinchick of the Denver District Court and, after a trial of several days, culminated in a judgment entered on September 30, 1965 in favor of Mary and Gus Cladis and John Hughes, and dismissal of both the claim of the corporation and Bancroft and Nicholson made in civil action No. B-63012 and their cross-claim asserted in civil action No. B-65288. In its resolution of these consolidated cases the trial court made the following findings and conclusions which bear upon the present controversy:

(1) that the note and deed of trust delivered to Mary Cladis by the corporation was supported by good and sufficient consideration and was otherwise a valid and binding obligation of the corporation;

(2) that the accusation that Mary and Gus Cladis had converted to their own use money and properties belonging to the corporation was not true and that there was "no testimony whatsoever" to show a conversion on the part of either Mary and Gus Cladis;

(3) that the corporation was entitled to none of the relief which it had sought in its claim and cross-claim in the two aforesaid civil proceedings; and

(4) specifically dismissed the corporation's first claim for relief wherein it attacked the validity of the foreclosure proceedings and sought an order prohibiting the public trustee from issuing a deed based on the certificate of purchase which had theretofore issued on March 4, 1963.

Shortly thereafter, on November 12, 1965, to be exact, the plaintiffs filed the present action. And, as above indicated, the complaint filed by these plaintiffs very closely paralleled the claim and cross-claim asserted

by the corporation and Bancroft and Nicholson against Mary and Gus Cladis, as well as John Hughes, in civil actions numbered B-63012 and B-65288 respectively. Specifically, complaint was again made that there was no consideration for the note and deed of trust given Mary Cladis by the corporation. Also, it was once again asserted that Mary Cladis had breached her fiduciary relationship to the corporation in several particulars and, as concerns the property to which she obtained title in the foreclosure proceedings, it was said that she held the title to these properties in a constructive trust for the benefit and use of the corporation and therefore should be ordered to convey such properties back to the corporation. Finally, it was also alleged in rather broad strokes that Mary and Gus Cladis had converted property to their own use belonging to the corporation; that they had conspired to the end that the corporation "would lose its principal and only asset"; and that Mary and Gus Cladis should be required to make an accounting.

■ It was on this general state of the record that the trial court upheld the defense of res judicata and dismissed not only the plaintiffs' claim for relief but also the corporation's cross-claim. In thus disposing of the present controversy we perceive of no error on the part of the trial court.

Plaintiffs' basic argument as to why res judicata is not a defense to their claim for relief is based on the premise that they, as stockholders of the corporation, are in nowise bound by the adverse judgments suffered by the corporation in civil actions Nos. B-63012 and B-65288. However, our analysis of the matter leads us to conclude that on the contrary the plaintiffs are bound by the adverse judgments suffered by the corporation and that the trial court's determination that Mary and Gus Cladis had established their defense of res judicata was under the circumstances correct.

The general rule in this regard is set forth in 18 Am. Jur. 2d 987 and reads as follows:

"When a corporation sues or is sued in its corporate name, the action is by or against the corporation itself as a legal entity, and its members are not in any legal sense parties to the action or to the judgment rendered therein. However, in numerous instances, a judgment against a corporation in an action involving corporate matters has been held conclusive as to such matters in a subsequent action by or against its stockholders, on the theory that the stockholders are represented in such an action by the corporation and are privy to the proceedings."

■ And, in accord with the foregoing, in *Croke v. Farmers Co.*, 71 Colo. 514, 208 P. 466 we held that there is a privity between a corporation and its stockholders and that a decree against the former is "conclusive" on the latter. In *A.T. & S.F. Ry. Co. v. Com'rs,* 95 Colo. 435, 37 P.2d 761 this same derivative relationship was held to exist between a school district or county and its taxpayers. In the latter case it was observed that in the absence of collusion a decree against a corporation is binding on its stockholders because there is a privity between a corporation and its stockholders. See also in this same general connection *Montezuma Cattle Co. v. Dake,* 16 Colo. App. 139, 63 P. 1058; *Beers v. Denver & R.G.W.R. Co.,* 286 F. 886; and *Levy v. Equitable Trust Co.* 271 F. 49.

In the instant case there is no allegation that there was collusion between the corporation and Mary Cladis. Certainly an examination of the record made in the consolidated trial reveals a trial that was truly adversary in nature. Such being the case, application of the rule announced in the *Croke* case leads us to the conclusion that the adverse judgments by the corporation are "conclusive" on these plaintiffs.

■ Plaintiffs suggest that they are not thus bound by the judgments entered in the two other civil actions

because they sought to raise issues which were not raised in the other proceedings. Our study of the pleadings in the instant case indicates quite clearly that the various issues sought to be raised were for all practical purposes the same as those litigated and determined in the two earlier actions. In any event, the rule is that a judgment on the merits concludes the parties not only as to issues actually resolved, but also to all matters germane to the general issue which could or might have been litigated therein. *McDermott v. Bent Co. Dist.*, 135 Colo. 70, 308 P.2d 603, and *Newby v. Bock*, 120 Colo. 454, 210 P.2d 985.

■ Plaintiffs contend quite earnestly that the denial of the Cladis' motion for summary judgment became "the law of the case" to the end that the judge who presided at trial could not thereafter make a finding that the doctrine of res judicata was a proper defense. In support of this rather startling contention the plaintiffs rely upon C.R.S. 1963, 37-4-17 concerning the powers of judges in a multiple judge court to vacate or modify judgments, decrees or orders made by a brother judge. We believe it to be sufficient to state that in our view the statute relied on, which has since been repealed, has no application. The judge presiding at the trial was not "overruling" the action of the judge who had previously denied the Cladis' motion for summary judgment. Rather, he was determining a contested issue raised by the pleadings after Mary and Gus Cladis had offered much and convincing evidence in support of their affirmative defense of res judicata.

■■ Mary and Gus Cladis assert by way of so-called cross error the action of the trial court wherein it denied their motion that the expense incurred by them in connection with obtaining the judgment rolls in actions B-63012 and B-65288, as well as the reporter's transcript of the consolidated trial, be taxed against the plaintiffs as a part of the costs. These particular items, as we read the record, total $388.80. In support of its

position in this regard Mary and Gus Cladis rely upon C.R.S. 1963, 31-4-21(2), which provides that where a stockholder institutes an action "in the right" of a corporation "without reasonable cause," the stockholder may be required to pay to the parties named as defendants "the costs and reasonable expenses attributable to the defense of such action, but not including fees of attorneys." The aforesaid statute is permissive and not mandatory, and we find that under the circumstances the trial court did not abuse its discretion when it denied this particular request of Mary and Gus Cladis.

The judgment is affirmed.

MR. JUSTICE PRINGLE and MR. JUSTICE HODGES concur.