996 F.2d 310
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Erminda O. DUNCAN, Plaintiff-Appellant,
v.
Robert L. BUSH, F. Dennis Dickerson, and George L. Roche,
Jr., Defendants-Appellees and Cross-Appellants.
 Nos. 92-1178, 92-1188.
 United States Court of Appeals, Tenth Circuit.
 June 10, 1993.
 
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Erminda O. Duncan appeals an order of the United States District Court for the District of Colorado dismissing her complaint for failure to state a cognizable cause of action. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm in part, reverse in part, and remand for further proceedings.
 
 
 3
 Erminda Duncan is the sole shareholder of Graphic Directions, Inc. ("GDI"), a graphic arts firm. She owned GDI along with her husband, Grant Duncan, who died in November 1988. Robert Bush, Dennis Dickerson, and George Roche were GDI employees.
 
 
 4
 After Grant Duncan's death, the defendants became dissatisfied with their employment at GDI and began to formulate plans to start their own firm. These plans allegedly involved the conversion of GDI clients and property. In GDI's independent state court action brought and controlled by Ms. Duncan, a jury found Bush and Dickerson guilty of breach of fiduciary duty and found Bush guilty of conversion of corporate opportunities. The jury awarded $154,191.80 in damages to the corporation. Roche was found not guilty on all charges and awarded nominal damages on his counterclaim for defamation. The Colorado Court of Appeals reversed the verdict for GDI; a petition for certiorari is pending before the Colorado Supreme Court.
 
 
 5
 In October 1991, Ms. Duncan brought this federal court action in her individual capacity. Her amended complaint stated claims for (1) breach of fiduciary duty, (2) fraud, (3) outrageous conduct, (4) tortious interference with prospective business advantage, (5) conspiracy, and (6) punitive damages. The district court granted the defendants' motion to dismiss. Specifically, the court dismissed (1) the breach of fiduciary duty claims for lack of standing and as barred by res judicata; (2) the fraud claim as barred by res judicata and as insufficiently pleaded; (3) the outrageous conduct claim as barred by collateral estoppel and res judicata; (4) the tortious interference claim for lack of standing and as barred by res judicata. The court also dismissed the conspiracy and punitive damages claims as derivative of the unfounded claims. This pro se appeal followed.[1] The defendants cross-appeal the denial of their motion for attorneys' fees, contending that the dismissal of plaintiff's entire complaint mandates the award of attorneys' fees under federal and state law.
 
 
 6
 "The sufficiency of a complaint is a question of law which we will review de novo." Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1359 (10th Cir.1989) (internal quotation omitted). We will uphold a dismissal pursuant to Fed.R.Civ.P. 12(b)(6) "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991). The parties agree that Colorado law governs this dispute. We review de novo the district court's rulings with respect to Colorado law, see Salve Regina College v. Russell, --- U.S. ----, 111 S.Ct. 1217, 1221 (1991), which we ascertain and apply such that we reach the result that would be reached by a Colorado court, see Adams-Arapahoe Sch. Dist. No. 28-J v. GAF Corp., 959 F.2d 868, 870 (10th Cir.1992).
 
 
 7
 We begin by outlining a few general principles governing litigation involving corporations and their shareholders. First, a shareholder may maintain a personal action in her capacity as a shareholder against a director or third party only where "such stockholder has sustained an injury which is separate and distinct from that of other shareholders." River Management Corp. v. Lodge Properties, Inc., 829 P.2d 398, 403 (Colo.Ct.App.1991); see also Nicholson v. Ash, 800 P.2d 1352, 1356-57 (Colo.Ct.App.1990). Second, where, as here, the shareholder controls the corporation's earlier litigation, she is precluded from raising a subsequent action any issues that were decided in the first action. See Restatement (Second) of Judgments §§ 39, 59 (1982).[2] With these principles in mind, we address each of Ms. Duncan's claims.
 
 
 8
 First, Ms. Duncan claims that the defendants breached their fiduciary duty by not taking care of GDI after Grant Duncan's death. Ms. Duncan claims that this duty was personal to her because the defendants were close and trusted friends and that GDI's recovery cannot compensate her "unique" loss. The district court, however, concluded that the defendants' fiduciary duty as employees ran to the employer, see Jet Courier Serv., Inc. v. Mulei, 771 P.2d 486, 492 (Colo.1989), and that "friendship" is not a fiduciary relationship. The court also concluded that Duncan could not maintain a personal action against the defendants because she had not demonstrated how, being the sole shareholder of GDI, any recovery by GDI would not fairly compensate her in that capacity. We agree and conclude that these claims were properly dismissed for lack of standing.
 
 
 9
 Second, Ms. Duncan claimed that the defendants defrauded her generally regarding their intent to destroy GDI. She also alleged that Bush defrauded her when she bought his GDI stock based on his pledge to increase his GDI marketing efforts. Ms. Duncan's general fraud claims, like the breach of fiduciary duty claims, are "owned" by the corporation and may not be litigated by Duncan in this subsequent proceeding. In contrast, the claim against Bush regarding the stock purchase appears to allege an injury personal to Ms. Duncan, even if that injury was perpetrated through GDI. The district court, however, dismissed that claim for failure to plead fraud with particularity as required by Fed.R.Civ.P. 9. After reviewing the sparse pleadings regarding Bush's sale of his GDI stock to Duncan, we agree with the district court and affirm its dismissal of that claim.
 
 
 10
 Third, Ms. Duncan raised an "outrageous conduct" claim, alleging that the defendants' actions were so outrageous as to be "intolerable in a civilized community." See generally Zalnis v. Thoroughbred Datsun Car Co., 645 P.2d 292, 293-94 (Colo.Ct.App.1982) (recognizing tort of outrageous conduct in Colorado). Under Vogel v. Carolina Int'l, Inc., 711 P.2d 708, 714 (Colo.Ct.App.1985), this claim can be brought by a shareholder in his or her personal capacity. The district judge, however, dismissed the claim because it concluded that GDI, through Ms. Duncan, should have raised it in the state proceedings. We disagree. GDI was obliged to raise only the corporation's claims, not Ms. Duncan's personal claims. Although, as the sole shareholder controlling GDI's litigation, she is bound by issues already decided in the state court action, the district court did not address whether any issues pertaining to her outrageous conduct claim might be precluded by the earlier state court litigation. We therefore remand to the district court for further proceedings regarding this claim.
 
 
 11
 Fourth, Ms. Duncan claims that the defendants tortiously interfered with a prospective business advantage. Specifically, she alleges that they "designed to prevent Duncan from realizing any business advantage of the continued success of GDI." Again, Ms. Duncan has pleaded a claim of the corporation for which she lacks standing
 
 
 12
 Finally, the district court dismissed Ms. Duncan's fifth and sixth claims for conspiracy and punitive damages because he found them to be derivative of the first four dismissed claims. Because we reinstate Duncan's outrageous conduct claim, we also reinstate these claims and remand for further proceedings consistent with this opinion.
 
 
 13
 We AFFIRM the dismissal of plaintiff's claims for breach of fiduciary duty, fraud, and tortious interference with business advantage. We REVERSE the dismissal of plaintiff's claim's for outrageous conduct, conspiracy, and punitive damages and REMAND for further proceedings consistent with this opinion. Having partially reinstated Ms. Duncan's lawsuit for further proceedings, we DISMISS as premature the defendants' cross-appeal for attorneys' fees. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Ms. Duncan was represented by counsel in both the state court litigation and the federal district court proceedings. Only her federal appeal is brought pro se
 
 
 [2]
 Ballas v. Cladis, 447 P.2d 224 (Colo.1968), cert. denied, 395 U.S. 921 (1969), cited by both parties, is inapposite. Ballas states that stockholders may not bring derivative suits after the corporation has sued on its own behalf and lost. Id. at 255. The stockholders are precluded from raising issues that were or could have been litigated by the corporation itself. Id. Here, the plaintiff is suing in her capacity as an individual, not derivatively on behalf of the corporation